IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------
UNITED STATES OF AMERICA,

                Plaintiff,

     -vs-

JOSE LUIS CASTILLEJO,

               Defendant.
------------------------------------------------

: CASE NO. 1:08 CV 0148
:
: ORDER GRANTING THE
: GOVERNMENT'S MOTION TO
: DISMISS DEFENDANT'S UNTIMELY
: NOTICE OF APPEAL

UNITED STATES DISTRICT JUDGE LESLEY WELLS

On 19 May 2008, Defendant Jose Luis Castillejo ("Mr. Castillejo") pled guilty to a one count Indictment charging him with illegal re-entry into the United States after deportation, in violation of 8 U.S.C. § 1326. (Doc. 13). On 4 September 2008, Mr. Castillejo was sentenced to a period of 46 months custody with the Bureau of Prisons. (Docs. 16, 17). On 7 October 2008, in response to Mr. Castillejo's 6 October 2008 motion for leave to appeal, this Court granted the defendant until 14 October 2008 in which to file his notice of appeal. (Doc. 18). Mr. Castillejo filed his notice of appeal to the Sixth Circuit Court of Appeals on 20 November 2008. (Doc. 20).

Currently before the Court is the government's 21 November 2008 motion to dismiss Mr. Castillejo's appeal. For the reasons discussed below, the government's motion will be granted.

To appeal a sentence, a criminal defendant must file a notice of appeal in the district court within ten days of entry of judgment. Fed. R. App. P. ("FRAP") 4(b)(1)(A). The district court has discretion to extend the time to file the notice "for a period not to exceed thirty days." FRAP 4(b)(4). Thus, under some circumstances, a defendant may have up to a maximum of forty days after the entry of judgment to file a notice of appeal.

Forty days is the "outer limit" for the time within which a notice of appeal can be filed. United States v. Wrice, 954 F.2d 406, 409 (6th Cir. 1992). See also United States v. Cheek, 761 F.2d 461, 462 (8th Cir. 2001) ("[a]fter the forty day period expires, there is nothing that either a district court or a court of appeals can do to extend the time"); United States v. Awalt, 728 F.2d 704, 705 (5th Cir. 1984); United States v. Dumont, 936 F.2d 292, 294-95 (7th Cir. 1991); United States v. Avery, 658 F.2d 759, 761 (10th Cir. 1981).

Mr. Castillejo's 20 November 2008 notice of appeal was filed seventy-seven days from the entry of Judgment on 4 September 2008. Clearly, Mr. Castillejo's notice of appeal exceeds the forty day outer limit set by FRAP 4(b)(1)(A).

Mr. Castillejo's untimely notice of appeal does not divest this Court of jurisdiction to review the government's motion to dismiss. See United States v. Williams, 2006 WL 3203748, 5-7 (6th Cir. 2006). In Williams, the Sixth Circuit described the standard governing when a district court loses jurisdiction upon a party's filing of a notice of appeal to the Sixth Circuit:

> It is indeed "settled law that filing a notice of appeal with the district court divests the district court of jurisdiction to act in a case, except on remedial matters unrelated to the merits of the appeal." Fort Gratiot Sanitary Landfill, Inc. v. Mich. Dep't of Natural Res., 71 F.3d 1197, 1203 (6th Cir. 1995). Thus, "expansion of a district court's judgment [is] not permitted while an appeal is pending." NLRB v. Cincinnati Bronze, Inc., 829 F.2d 585, 588 (6th Cir. 1987). This general rule applies "unless that appeal is untimely, is an appeal from a non-appealable non-final order, or raises only issues that were previously ruled upon in that case by the appellate court." Rucker v. United States Dep't of Labor, 798 F.2d 891, 892 (6th Cir. 1986).

Williams, 2006 WL at 6. Pursuant to the decisions in Williams and Rucker, Mr. Castillejo's untimely notice of appeal provides an exception to the general rule, allowing this Court to retain jurisdiction to review the government's motion to dismiss the defendant's appeal.

Upon review, this Court finds that Mr. Castillejo's notice of appeal exceeds the forty day time limit laid down in FRAP 4(b)(1)(A). Accordingly, the Court grants the government's motion to dismiss the defendant's appeal as untimely.

IT IS SO ORDERED.

UNITED STATES DISTRICT JUDGE

12-2-08